UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CARRIE TURNER,<br><br>                   Plaintiff,<br>  vs.<br><br>SPOKANE COUNTY SUPERIOR COURT,<br><br>                   Defendant. | No. CV-12-00473-JLQ<br><br>ORDER DIRECTING DISMISSAL OF FIRST AMENDED COMPLAINT |

    BEFORE THE COURT is Plaintiff's Amended Complaint (ECF No. 18). Plaintiff has been granted leave to proceed *in forma pauperis* by Order of the court. (ECF No. 4). When a *pro se* litigant is proceeding *in forma pauperis* this court reviews the complaint to determine if it is legally sufficient. The court must dismiss the case if Plaintiff has raised claims that are "frivolous or malicious", that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    On August 23, 2012, this court entered an Order concerning the insufficiency of Plaintiff's Complaint and directed Plaintiff to file an Amended Complaint or notice of dismissal on or before September 21, 2012. Plaintiff was also warned that failure to respond would result in dismissal. On September 21, 2012, Plaintiff filed a Motion seeking a one-week extension of time, which the court granted. On September 28, 2012, Plaintiff filed her First Amended Complaint, although incorrectly captioned "Order re: First Amendment to Complaint".

    **I. Plaintiff's First Amended Complaint Fails to Cure the Deficiencies**

    **A. Format** - Plaintiff was instructed in the court's prior Order (ECF No. 8) that her Complaint should contain separately numbered statements, each statement preferably no more than 1 or 2 sentences. Fed.R.Civ.P. 10(b)("A party must state its claims or

ORDER - 1

defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.")  Plaintiff's Amended Complaint does not contain numbered paragraphs.

**B. Jurisdiction** - Plaintiff was directed that she "must clearly plead whether she contends there is federal question jurisdiction, and if so what federal statute confers jurisdiction." (ECF No. 8, p. 2-3).  Plaintiff has not pled a basis for federal question jurisdiction, nor does her Amended Complaint reference any federal statute.  Plaintiff's Amended Complaint references her Civil Cover Sheet (ECF No. 18-1).  The Cover Sheet contains a section which reads: "Cite the U.S. Civil Statute under which you are filing".  Thereunder Plaintiff has written, "under 5th Amendment 14th amendment".  This conclusory reference is not sufficient to invoke federal question jurisdiction.  Additionally, Plaintiff's Amended Complaint states that both she and Defendant are citizens of Washington, so there is no diversity of citizenship jurisdiction.

**C. Failure to Plead Facts** - This court previously stated, concerning Plaintiff's original Complaint:

> Plaintiff's Complaint does not even set forth a formulaic recitation of the elements of a cause of action.  Plaintiff's Complaint does not contain any specific factual allegations - - not even the simplest of who, what, when, where, and how.  The Complaint fails to state a claim upon which relief can be granted. (ECF No. 8, p. 2).

Plaintiff's Amended Complaint similarly pleads no facts from which the court can discern the nature of Plaintiff's allegations.  There are no facts pled concerning her interactions with Defendant, Spokane Superior Court, or description of how the Defendant has allegedly wronged her.

Further, during the course of this litigation the Plaintiff has submitted a total of seven letters to the clerk of the court. (ECF Nos. 6, 7, 9, 10, 11, 12, & 14).  Even considering the content of all these letters, the court is still left to guess as to the nature of Plaintiff's claim.  One can perhaps discern a common theme of seeking access to state court records.  However, a request to access state court records does not clearly implicate federal law, and would more likely be an issue of state law, perhaps under the Public Records Act, RCW § 42.56 et seq.  Plaintiff's letters also demonstrate that she was

ORDER - 2

mistaken about the federal nature of her claims. See ECF No. 10 ("and also, I was under the belief that superior court was federal and not state?").

Plaintiff's correspondence also demonstrates that she clearly understood, yet failed to comply with, this court's prior Order. In a letter dated August 30, 2012 (ECF No. 11), Plaintiff acknowledges receiving the court's August 23, 2012 Order, and states she has "read and understand its contents," and further states:

> I will do my best to make this filing complete, clear & with facts, appropriated with separately numbered paragraphs, basis for federal jurisdiction, along with short and plain statements. (ECF No. 11).

Unfortunately, as detailed above, the Amended Complaint does not contain numbered paragraphs or a jurisdictional statement. It contains no factual statements supporting Plaintiff's claim--whatever that claim may be. Plaintiff's Amended Complaint (ECF No. 18) fails to set forth any claim arising under federal law and fails to demonstrate any basis for federal jurisdiction. Accordingly,

**IT IS HEREBY ORDERED**:

The Clerk shall enter Judgment dismissing the Amended Complaint and the claims therein without prejudice and close this file.

**IT IS SO ORDERED**. The Clerk is hereby directed to file this Order, enter Judgment and furnish a copy to Plaintiff.

DATED this 3rd day of October, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE